IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELIX IBARRA-VILLALVA, | : | No. 4:06-CV-00666 |
| Plaintiff, | : | |
| | : | (Judge McClure) |
| v. | : | |
| USP-ALLENWOOD, | : | |
| Defendant. | : | |

**O R D E R**

May 5, 2006

**BACKGROUND:**

Plaintiff Felix Ibarra-Villalva is an inmate currently incarcerated at the United States Penitentiary in Allenwood, Pennsylvania ("USP-Allenwood"). On March 31, 2006, Ibarra-Villalva initiated this action by filing a pro se pleading that he captioned "Motion For Injunction Relief." (Rec. Doc. No. 1.) On May 1, 2006, the clerk of court received a further pleading from Ibarra-Villalva, "respectfully moving the Honorable Court to grant an immediate TRO." (Rec. Doc. No. 8.) For relief, Ibarra-Villalva "simply demand[s] to please be immediately removed from this institution and or demand the Honorable Court to please assure that [he] be returned [his] personal items and linen[s]." (Rec. Doc. No. 8, at 2.)

Ibarra-Villalva has also filed a motion for leave to proceed in forma pauperis.

(Rec. Doc. No. 2.)

We will grant the motion to proceed in forma pauperis, but deny the motion for a temporary restraining order and dismiss the action in its entirety under 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c).

**DISCUSSION:**

Ibarra-Villalva's sometimes incoherent and contradictory filings indicate that he is a psychologically troubled inmate.  He alleges that he was provided lunch meals without the main course, but claims that he was on hunger strike at the time.  He admits to having intentionally broken the sprinkler head in his cell, flooding his living area and those around him, due to his "anger, pressure, frustration and hunger, distress and in negligence."  (Rec. Doc. No. 1, at 5.)

Ibarra-Villalva complains of being handcuffed in his cell and forcibly removed, but admits to spitting in the face of a corrections officer, and, according to prison incident reports, he brandished a razor blade at a corrections officer.  He claims to have twice attempted suicide, but does not make any allegation that any staff member at USP-Allenwood contributed to those attempts.  In fact, his own filings reveal that he has met with the prison psychiatrist on a number of occasions and has been placed on antidepressant medications.  Ibarra-Villalva also claims that he has on occasion gone without bed linens, but notes that he was "offered

extra socks, boxer-shorts and sheets by [the] Assistant Warden." (Rec. Doc. No. 1, at 4.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)[1] and 42 U.S.C. § 1997e(c)(1)[2], we will dismiss the action because it is frivolous and fails to state a claim upon which relief may be granted, and deny the motion for a temporary restraining order. See, e.g., Ray v. Kertes, 285 F.3d 287, 294 (3d Cir. 2002) (explaining that Congress sought to lessen the burden frivolous prison claims placed on federal courts by adopting the Prison Litigation Reform Act). Ibarra-Villalva has asserted no set of facts that would entitle him to relief, see, e.g., Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (dismissal appropriate where plaintiff could prove no set of facts

---

[1] 28 U.S.C. § 1915(e)(2)(B) provides that "the court shall dismiss the case at any time if the court determines that (B) the action or appeal (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."

[2] 42 U.S.C. § 1997e(c)(1) provides:

> "The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

that would entitle him to relief), and on the facts presented, any opportunity to amend the complaint would be futile, see Jones v. Domalakes, 161 F. App'x 216, 217 (3d Cir. 2006) (curative amendment should be permitted if complaint is vulnerable to dismissal, unless an amendment would be inequitable or futile).

It appears that Ibarra-Villalva is experiencing stress in the prison environment and we encourage USP-Allenwood to continue to offer psychiatric and psychological counseling services to this inmate.

We also note that, although this failure does not contribute to our decision to dismiss the action, Ibarra-Villalva has admittedly failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The motion to proceed in forma pauperis is granted. (Rec. Doc. No. 2.)

2. The action docketed at 4:06-CV-00666 is dismissed as frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1). (Rec. Doc. No. 1.)

3. Plaintiff Felix Ibarra-Villalva's motion for a temporary restraining order

is denied.  (Rec. Doc. No. 8.)

4. The clerk is directed to close the case file.

5. Any appeal from this order would not be taken in good faith.

  s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge
